IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:11-CR-3-BR

UNITED STATES OF AMERICA

v.

ANTHONY VASHAN WRIGHT

ORDER

This matter is before the court on defendant's second motion for compassionate release.[1] (DE # 70.)

In 2011, defendant pled guilty to conspiracy to distribute and possess with the intent to distribute cocaine and possession of firearms in furtherance of a drug trafficking crime. The court sentenced him to a total term of 196 months imprisonment. In 2017, defendant pled guilty to possession of a cell phone while an inmate at FCI Butner, and the court sentenced him to four months imprisonment, to be served consecutively to the instant sentence. United States v. Wright, No. 5:17-CR-230-BR (E.D.N.C.).

In August 2020, defendant filed the instant motion *pro se*. Pursuant to Standing Order No. 19-SO-3 (E.D.N.C. Jan. 25, 2019), the court appointed counsel to represent defendant for purposes of such a motion. Appointed counsel filed a memorandum in support of defendant's motion. (DE # 75.) The government filed a response in opposition. (See DE ## 73, 76.) Later, in response to the court's order, the government filed defendant's sentence computation data and inmate discipline data. (DE # 77.)

---

[1] The court denied defendant's first motion for compassionate release without prejudice to refiling once he exhausted his administrative remedies. (6/19/20 Order, DE # 69.)

Defendant seeks release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018 ("First Step Act").[2] That statute provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons [("BOP")], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).

The Sentencing Commission has not issued a policy statement applicable to motions filed by defendants under this statute. United States v. McCoy, 981 F.3d 271, 275 (4th Cir. 2020). "[A]s a result, district courts are 'empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'" Id. at 284 (citation omitted).

In deciding whether a sentence reduction is appropriate, the court must also consider the applicable § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A).

> These factors include: "(1) [Defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants."

---

[2] The First Step Act amended § 3582(c)(1)(A) to permit a defendant to bring such a motion. See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

2

United States v. Adona, No. CR PX-17-345, 2020 WL 4338889, at *2 (D. Md. July 28, 2020) (citation omitted) (alteration in original).

Initially, the parties dispute whether defendant has exhausted his administrative remedies. In May 2020, defendant submitted a request directed to the Warden of FCC Butner for release to home confinement pursuant to 18 U.S.C. § 3624(c)(2) or for compassionate release pursuant to § 3582(c)(1)(A)(i). (Mot., DE # 70, at 5; Id., Ex. C, DE # 70-3.) In support of that request, defendant identified the health condition that he believes puts him at higher risk of infection or severe illness, the medication he takes for that condition, his criminal history, his participation in programming and work opportunities while incarcerated, and details of his release plan. (Id., Ex. C., DE # 70-3, at 4-5.) By correspondence dated 26 June 2020, a social worker responded:

> Based on the document submitted it's unclear as to which criteria you are applying for a Compassionate Release/Reduction in Sentence. Please review forms and submit accordingly. Home confinement requests are not processed by the Social Work Department, please see your Unit Team.

(Id. at 2.) Defendant did not submit additional information nor did the Warden ever respond to the request.

The government argues because defendant did not "resubmit[] his request with correct information," he has not satisfied the exhaustion requirements of the statute. (Resp., DE # 73, at 14.) The court disagrees. Defendant clearly requested compassionate release or home confinement and stated the grounds in support. What information needed to be corrected is not evident. Defendant waited more than 30 days from submitting his request without response from the Warden before he filed the instant motion. The court concludes defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement. See United States v. Kibble, ___ F.3d ___, No. 20-7009, 2021 WL 1216543, at *3 n.2 (4th Cir. Apr. 1, 2001) ("To satisfy § 3582(c)(1)(A)'s

exhaustion requirement, incarcerated persons must first ask the BOP to file a motion for compassionate release on their behalf, and then, either (1) appeal the BOP's failure to bring a motion on their behalf, or (2) allow 30 days to lapse after making the request, whichever comes first." (citing 18 U.S.C. § 3582(c)(1)(A)). Therefore, the court will consider the merits of defendant's motion.

Defendant requests that the court grant him compassionate release based on his race, his health which places him at risk of complications from COVID-19, and the length of time he has been incarcerated. (Mem., DE # 75, at 1, 7; see also id. at 9-12.) Defendant further argues that a time served sentence is warranted because of his being a "model inmate," age, participation in BOP educational programs, and employment throughout imprisonment. (Id. at 7-9.) In opposition, the government argues defendant has not demonstrated extraordinary and compelling reasons to justify reducing his sentence. (Resp., DE # 73, at 15-18.) It argues additionally defendant's motion should be denied because the § 3553(a) factors weigh against releasing defendant. (Id. at 19-20.)

"[I]n considering whether extraordinary and compelling reasons for a sentence reduction exist in light of COVID-19, [district courts] have considered the age of the prisoner, the severity and documented history of the defendant's health conditions, and the proliferation and status of infections in the prison facility." United States v. Kibble, Criminal Action No. 2:19-00077, 2020 WL 3470508, at *2 (S.D.W. Va. June 25, 2020) (citing United States v. Brady, No. S2 18 Cr. 316 (PAC), 2020 WL 2512100, at *3 (S.D.N.Y. May 15, 2020) (collecting cases)), aff'd, No. 20-7009, 2021 WL 1216543 (4th Cir. Apr. 1, 2021). The Centers for Disease Control and Prevention's ("CDC") list of risk factors for COVID-19 complications also informs the court's

4

evaluation. Everett v. United States, No. 4:16cr35, 2020 WL 5793428, at *3 (E.D. Va. Sept. 25, 2020).

Defendant is a 44-year-old, African American male. (Mem., DE # 75, at 1.) He has hypertension which is controlled with medication. (Id. at 7.) According to the CDC, the older one is the increasing risk for severe illness from COVID-19, with persons over age 85 at the greatest risk. See CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited Apr. 20, 2021). Also, "[t]here is increasing evidence that some racial and ethnic minority groups are being disproportionately affected by COVID-19." See CDC, https://www.cdc.gov/coronavirus/2019-ncov/community/health-equity/race-ethnicity.html (footnotes omitted) (last visited Apr. 20, 2021). Additionally, having hypertension can make it more likely one will get severely ill from COVID-19. See CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Apr. 20, 2021).

Defendant has been incarcerated more than 10 years, or about 60% of his total sentence (with good time credit). (Resp., Ex. 1, DE # 77-1.) Currently, he is serving his sentence at USP Yazoo City. There, no inmates and seven staff are positive for COVID-19. BOP, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited Apr. 20, 2021). Although the facility "previously experienced a serious outbreak of COVID-19," United States of America v. Cochran, No. 1:11-CR-00042-JMS-DML-02, 2021 WL 1428996, at *5 (S.D. Ind. Apr. 15, 2021), the infection rate is decreasing, see id. at *2 ("As of April 13, 2021, the BOP reports that 3 inmates and 7 staff members at USP Yazoo City have active cases of COVID-19; it also reports that 240 inmates at USP Yazoo City have recovered from COVID-19 and that 1

inmate at USP Yazoo City has died from the virus." (citation omitted)); United States v. Freeman, No. 13 CR 50071, 2021 WL 843456, at *2 (N.D. Ill. Mar. 5, 2021) ("[The defendant's] supplemental brief notes that at the time of its filing in January 2021, USP Yazoo City reported 117 positive inmate cases. Today[, 5 March 2021,] it reports just 12 inmates cases plus 7 cases among staff." (citation omitted)).

Considering defendant's age and overall health, the conditions at USP Yazoo City, and the length of defendant's incarceration, the court concludes defendant has failed to show extraordinary and compelling reasons warrant a reduction in his sentence to time served. Even assuming defendant had made such a showing, the court further concludes the § 3553(a) factors do not support reducing his sentence.

Prior to the instant offenses, defendant had been convicted in state court of nine felonies, the majority of which are controlled substance offenses. (PSR, DE # 35, ¶¶ 10-12, 14-15, 17.) The instant offenses involved trading multiple firearms for narcotics. (Id. ¶¶ 6-7.) At sentencing, the court deemed defendant a career offender, resulting in a guideline imprisonment range of 262 to 327 months. (Id. ¶ 49.) Based on the government's motion, the court downwardly departed from the bottom end of this range by 25% to impose a sentence of 196 months.

While incarcerated, defendant has taken numerous courses and earned his GED. (Mot., Ex. A, DE # 70-1.) Also, while at FMC Butner, he maintained employment. (Id.) He has committed only one prohibited act, which occurred four years ago. (See Resp., Ex. 2, DE # 77-2.) However, that act was serious enough to result in the government's prosecution of him, as noted previously.

Given defendant's criminal history, the nature and circumstances of the instant offenses, defendant's commission of a crime while incarcerated, and the amount of time defendant has served, the court concludes reducing defendant's term of imprisonment to time served would not reflect the seriousness of the offenses, provide just punishment, or deter crime. Defendant's motion for compassionate release is DENIED.

This 21 April 2021.

_____
W. Earl Britt
Senior U.S. District Judge